**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KENNETH A. McCREADY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:05-cv-1359-DFH-WTL |
| ) | |
| FARON HARRISON, d/b/a FARON'S CYCLE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Resolving Pending Motions and Directing Further Proceedings**

**I.**

This case is a sequel to *McCready v. Faron Harrison d/b/a Faron's Cycle, et.al.,* No. IP 00-1562 (S.D.Ind. July 6, 2001). As summarized by the appellate court in the appeal from that disposition:

> Kenneth McCready brought his motorcycle to Faron's Cycles, a repair shop in Indianapolis, Indiana, for a tune-up and carburetor cleaning. The repairs cost more than McCready anticipated, and he refused to pay Faron's for the work. When efforts to collect the amount owed proved unsuccessful, Faron's notified McCready that it intended to sell the motorcycle at a public auction. McCready later sued Faron's and its attorneys, Nice & Moore, LLP, in federal court, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692k(d), and Indiana state law. The court dismissed McCready's claims under the FDCPA as untimely and declined to exercise supplemental jurisdiction over the state law claims.

*McCready v. Faron Harrison d/b/a Faron's Cycle, et.al.,* 67 Fed.Appx. 971(7th Cir. June 19, 2003).

**II.**

In this sequel to No. IP 00-1562, procedural entanglements continue to plague the case. These are resolved as follows:

1.	Subject matter jurisdiction "defines the court's authority to hear a given type of case." *United States v. Morton,* 467 U.S. 822, 828 (1984). The motion to dismiss filed by defendants Robert Nice and Daniel Lee Moore, d/b/a Nice & Moore, LLP, asserts that the court lacks subject matter jurisdiction over some or all of the claims in the plaintiff's amended complaint. The arguments supporting this motion, however, do not address the court's authority to hear this case, but instead argue that there are meritorious affirmative defenses (statute of limitations, *res judicata*) or that the amended complaint fails to state a claim upon which relief can be granted because it fails to allege each of the elements of the claims which are asserted. Because these arguments do not support a conclusion that the court lacks subject matter jurisdiction, this motion to dismiss is **denied.**

2.	Based on the ruling in the preceding paragraph, the plaintiff's motion to strike filed on November 6, 2006, is **denied.**

3.	The plaintiff's motion to compel filed on December 18, 2006, is **granted.** Defendant Harrison shall have **through April 10, 2007,** in which to fully respond to any written discovery served on him prior to the issuance of this Entry.

4.	The plaintiff's second motion to extend discovery, filed on February 7, 2007, is **granted** to the extent that written discovery and discovery depositions shall be completed by **May 22, 2007.**

5.	The *Federal Rules of Civil Procedure* contain provisions for the imposition of sanctions–even harsh sanctions–against parties who fail to adhere to the discovery provisions of those *Rules* or who fail to obey court orders issued in the course of the pretrial development of a lawsuit. *See Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir. 2003); *Newman v. Metropolitan Pier & Exposition Authority,* 962 F.2d 589 (7th Cir. 1992); *In re State Exchange Finance Co.*, 896 F.2d 1104 (7th Cir. 1990). No such circumstances are identified in the plaintiff's second motion to strike the answer of defendant Harrison and to enter default, nor are they otherwise discernible from the record in this case. Accordingly, the plaintiff's second motion to strike the answer of defendant Harrison and to enter default is **denied.**

6.	The plaintiff's motion for order compelling defendant Harrison to pay costs of service of summons, filed on October 25, 2006, is **denied without prejudice.** Any requests for costs will be considered at the conclusion of the case, and this request may be renewed at that time.

**III.**

The parties shall have **through June 12, 2007,** in which to file any further dispositive motions.

The parties are to submit a proposed case management plan **not later than April 5, 2007,** and such plan shall incorporate the deadlines established in this Entry.

So ordered.

                                                                              _David F Hamilton_
                                                                              DAVID F. HAMILTON, Judge
                                                                              United States District Court

Date:   3/13/2007

Distribution:

Theodore J. Blanford
HUME SMITH GEDDES GREEN & SIMMONS
tblanford@humesmith.com

Kenneth A. McCready
P.O. Box 10
Loda, IL 60948

Faron Harrison
1044 S. Denison
Indianapolis, IN 46241