UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

KENNETH A. McCREADY,   )
                       )
         Plaintiff,    )
                       )
vs.                    )   No. 1:05-cv-1359-DFH-WTL
                       )
FARON HARRISON, d/b/a FARON'S CYCLE, )
 et al.,               )
                       )
         Defendants.   )

**Entry Discussing Pending Motions
and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the motions to compel filed by the plaintiff are denied, while the motion for summary judgment filed by Robert Nice and Daniel Lee Moore, d/b/a Nice & Moore, LLP, is **granted.** Because the motion for summary judgment also pertains to the claim against the remaining defendant, final judgment shall now issue.

**Background**

Plaintiff Kenneth A. McCready ("McCready") alleges that the defendants conspired to restrict bidding at his motorcycle's auction by failing to properly advertise the auction, as a result of which McCready was unable to participate in the auction and no longer has possession of his motorcycle.

The parties have been down this road before. See *McCready v. Faron Harrison d/b/a Faron's Cycle, et.al.,* No. IP 00-1562 (S.D.Ind. July 6, 2001), *aff'd,* 67 Fed.Appx. 971 (7th Cir. June 19, 2003)(*McCready I*). Defendants Robert Nice and Daniel Lee Moore, d/b/a Nice & Moore, LLP, seek resolution of the action through the entry of summary judgment (dkt 60). They do so through their arguments that: (1) McCready's claims are barred by the applicable statute of limitations; (2) McCready's claims are barred by the doctrine of *res judicata*; and (3) McCready has not pled the necessary elements to prove a violation of the Sherman Antitrust Act, 15 U.S.C. § 2 ("Sherman Act"). The motion for summary judgment is also deemed applicable to defendant Faron Harrison ("Harrison"), d/b/a Faron's Cycle. See *Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 280 (7th Cir. 1986) ("Where one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion.").

## The Motions to Compel

McCready filed a response to the motion for summary judgment and the defendants have replied. However, McCready argues that his response cannot be completed until the defendants have fully responded to his interrogatories and he has had the opportunity to complete additional discovery. Specifically, McCready has filed a third motion to compel Harrison to answer interrogatories (dkt 64) and a "motion to compel Nice and Moore to respond to interrogatories and requests to produce" (dkt 72). These motions to compel (dkt 64 and 72) are **denied.**

The reason for this ruling is that the information sought by McCready through the motions to compel is not material to the arguments presented in the motion for summary judgment. Although Rule 56(f) of the *Federal Rules of Civil Procedure* authorizes a district court to refuse to grant a motion for summary judgment or to continue its ruling on such a motion pending further discovery if the non-movant submits an affidavit demonstrating why he cannot yet present facts sufficient to justify his opposition to the motion, this is not a case where additional discovery is needed in order for the motion for summary judgment to be fully developed. *Grayson v. O'Neill,* 308 F.3d 808, 816 (7th Cir. 2002) (citing *Kalis v. Colgate-Palmolive Co* ., 231 F.3d 1049, 1058 n.5 (7th Cir. 2000)). "'[A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing '(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" *Gurary v. Winehouse,* 190 F.3d 37, 43 (2d Cir. 1999) (quoting *Meloff v. New York Life Ins. Co.,* 51 F.3d 372, 375 (2d Cir. 1995)).

## The Motion for Summary Judgment

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

### *Material Facts*

McCready brought his motorcycle to Faron's Cycle, a repair shop operated by Harrison in Indianapolis, Indiana, for a tune-up and carburetor cleaning. The repairs reported by Harrison cost more than McCready anticipated, and he refused to pay Faron's

Cycle for the work. Harrison authorized defendant Nice and his law firm Nice & Moore, LLP to collect the debt Harrison claims he was owed for his repair services. On July 1, 1999, McCready received a letter signed by Mr. Nice which purported to assert a lien on the motorcycle pursuant to Indiana law. The defendants informed McCready of their intention to auction the motorcycle and foreclose their lien. On September 13, 1999, McCready received a letter (meter-marked on August 25, 1999) from Harrison stating that on September 10, 1999, his motorcycle would be auctioned.[1] In *McCready I,* McCready sued Faron's Cycle and its attorneys, Nice & Moore, LLP, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d), and Indiana state law. The court dismissed McCready's claims under the FDCPA as untimely and declined to exercise supplemental jurisdiction over the state law claims. *See McCready v. Faron Harrison d/b/a Faron's Cycle, et.al.,* 67 Fed.Appx. 971 (7th Cir. June 19, 2003).

McCready has sued these same defendants again, this time alleging a violation of the Sherman Act and various state laws.

***Statute of Limitations***

McCready alleges that the defendants violated the Sherman Act by "failing and refusing to advertise and advise the public and Plaintiff, specifically, of the hour of day at which [the Defendants] intended to hold their sale." Compl. ¶ 127.

McCready's antitrust claims are untimely and must be dismissed. Private actions under the Sherman Act, such as the claim alleged in McCready's complaint, are limited by a four-year statute of limitations. 15 U.S.C. § 15(b); *Sanderson v. Spectrum Labs, Inc.*, 227 F. Supp. 2d 1001, 1011 (N.D.Ind. 2000). The statute of limitations begins to run when the cause of action accrues. "Ordinarily, a cause of action accrues under the antitrust laws when the plaintiff suffers an injury to his business." *Sanderson,* 227 F.Supp. 2d at 1011 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971); *Brunswick Corp. v. Riegel Textile Corp.*, 752 F.2d 261, 268 (7th Cir. 1984) (claims for damages arising from exclusion of market accrue "as soon as the exclusion occurs" and will be time-barred if brought more than four years after accrual)).

McCready states in his complaint and response to the motion for summary judgment that on September 13, 1999, he received notice that his motorcycle would be

---

[1] The facts disputed in McCready's response to summary judgment are not material to the dispositive issues raised by the defendants' motion. Specifically McCready disputes 1) the dollar amount authorized for work to be done to his motorcycle, 2) whether such work was actually completed, and 3) whether the motorcycle was actually sold. McCready also alleges that Nice & Moore conspired with Harrison to pre-date envelopes because the letter he received on July 1, 1999, was affixed with a date stamp marked June 21 and had a June 25 cover letter.

auctioned on September 10, 1999.[2] Thus, McCready learned on September 13, 1999, that the defendants intended to permanently deprive him of his motorcycle at an auction on September 10, 1999. McCready's claim under the Sherman Act accrued, if at all, on September 13, 1999. McCready had four years from that date (through September 2003) in which to file a claim under the Sherman Act. McCready failed to timely file his claim. Instead, his complaint in this case was filed on September 7, 2005, nearly six years after the alleged violation occurred. McCready's contention, without citation, that his Sherman Act claims were tolled while his prior suit was pending is unavailing.[3] Thus McCready's claim alleging violations under the Sherman Act is untimely and must be **dismissed.**

### *Res Judicata*

Even if McCready's Sherman Act claim was brought within the statute of limitations, it would still be subject to dismissal based on the doctrine of *res judicata* or claim preclusion. This case is a sequel to *McCready I*, and the federal claim in this action could have been asserted in that action.

In *McCready I*, McCready filed suit against Faron Harrison d/b/a Faron's Cycle, Nice & Moore, LLP, and Robert Nice on October 10, 2000, claiming that the defendants violated the FDCPA by writing harassing and intimidating letters and failing to properly validate his debt. That action was dismissed for lack of subject matter jurisdiction on July 6, 2001. The court may take judicial notice of these features of *McCready I*, *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006), and "[u]nder the federal common law of *res judicata*, a subsequent suit is barred if the claim on which it is based arises from the same incident,

---

[2] In this action, as in McCready's prior action,

> [t]he record does not clarify whether the motorcycle was sold on September 10 [1999] or even whether the auction took place. But Faron's did send McCready a letter dated August 25 notifying him of the auction and advising him that he could redeem the motorcycle before September 10 by paying his bill. McCready concedes that he received this letter but claims that it did not reach him until September 13. He suggests that Faron's intentionally delayed mailing the letter. . . .

*McCready v. Harrison*, 67 Fed. Appx. at 972-73.

[3] McCready's response states "I'm shocked that I have to explain all of this again because my Motion to Strike Defendants Nice & Moore's Motion to Dismiss filed by mail November 1, 2006 made quite clear the Indiana and federal principles of tolling. I thus incorporate the legal argument in that motion for the purposes of this one." Response at 14 (dkt 70). The court has referred to McCready's motion to dismiss (dkt 46) and has found no authority which supports McCready's position.

events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman,* 164 F.3d 1059, 1062 (7th Cir. 1999) (citations omitted). Specifically, the doctrine of *res judicata* requires: (1) a prior final judgment on the merits; (2) the same claim; and (3) the same parties or their privies. *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir.2006). For *res judicata* purposes "a claim is not an argument or a ground but the events claimed to give rise to a right to a legal remedy." *Easley v. Reuss*, 247 Fed.Appx. 823, 826 (7th Cir. 2007) (quoting *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001)).

The parties to the present action are the same as the parties in the earlier case.[4] The events giving rise to McCready's current claims are the same events that McCready claimed in *McCready I* violated the FDCPA. The previous judgment was also on the merits. The rules of finality treat a dismissal on statute-of-limitations grounds as a judgment on the merits. See *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) (citing Fed. Rules Civ. Pro. 41(b)), *United States v. Oppenheimer*, 242 U.S. 85, 87-88 (1916). Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or those claims are lost. *Doe v. Allied Signal, Inc.*, 985 F.2d 908, 913 (7th Cir. 1993) ("A plaintiff may not avoid an earlier judgment on the merits merely by concocting a new legal theory.").

McCready's new claim, based on the same set of facts, against the same defendants are barred by *res judicata*. Accordingly, the defendants' motion for summary judgment is **granted** because McCready's claims are barred by the statute of limitations and the doctrine of *res judicata.* Therefore, it is not necessary for this court to discuss whether McCready's allegations are sufficient to state a claim under the Sherman Act.

***Supplemental Jurisdiction***

Counts I though VI of the Complaint allege claims under Indiana law, including: (1) unlawful detention of property; (2) replevin; (3) common law conversion; (4) statutory conversion; (5) breach of contract; and (6) IND. CODE § 24-1-2-1.

The claims alleged under Indiana law are not sufficient to establish a claim under this court's diversity jurisdiction. The $75,000 threshold has not been met. 28 U.S.C. § 1332(a)(1). Any claim that McCready is entitled to more than $75,0000 in damages for the loss of use of his motorcycle would be frivolous. McCready valued the fair market resale value of his motorcycle at $3,500.00 in his complaint, an amount well below the jurisdictional threshold.

---

[4] Daniel Lee Moore was not individually named in *McCready I*, however, he was privy to that lawsuit because of his relationship to Nice & Moore, LLP. "[R]es judicata bars subsequent suits against those who were not party to a prior suit if their interests are closely related to those who were." *Easley,* 247 Fed. Appx. at 826 (citing *Tartt v. Northwestern Comm. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006); *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 636 (7th Cir. 2004)).

Because the only federal claim alleged in the complaint has been dismissed with prejudice, this court shall not retain jurisdiction over the supplemental state claims alleged in this action. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

## Conclusion

McCready's Sherman Act claims are barred by both the statute of limitations and *res judicata*. Accordingly, the Sherman Act claims are dismissed, and the remaining state law claims are dismissed for lack of jurisdiction. Final judgment shall now be entered.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 5/1/2008