UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENNETH A. McCREADY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:05-cv-1359-DFH-WTL |
| ) | |
| FARON HARRISON, d/b/a FARON=S CYCLE, ) | |
|   et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion to Alter or Amend Judgment**

This civil suit was concluded through the entry of summary judgment in favor of the defendants as to the federal claim and by relinquishing jurisdiction over claims that the court viewed as supplemental claims under Indiana state law. See, *e.g.*, *Williams v. Rodriguez,* 509 F.3d 392, 404 (7th Cir. 2007) (district court should relinquish jurisdiction over state law claims that remain after dismissal of federal claims unless any of following three circumstances exists: (1) state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided). Although the parties here are citizens of different states, the court concluded that the state law claims were not sufficient to establish a claim under this court=s diversity jurisdiction because the amount in controversy did not exceed $75,000, as required by 28 U.S.C. ' 1332(a)(1).

Judgment was entered on the docket on May 1, 2008. Plaintiff McCready then filed a motion to alter or amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. He argues that the court erred in dismissing the state law claims against defendant Harrison. McCready maintains that he properly alleged diversity jurisdiction pursuant to 28 U.S.C. ' 1332 so that this court should exercise jurisdiction over his state law claims.

As explained in prior opinions, McCready=s claims allegedly arose on February 2, 1999, after he brought his motorcycle to Faron's Cycle, a repair shop operated by defendant Faron Harrison in Indianapolis, Indiana, for a tune-up and carburetor cleaning. The repairs reported by Harrison cost more than McCready anticipated, and he refused to pay Faron's Cycle for the work. On September 13, 1999, McCready received a letter (meter-marked on August 25, 1999) from Harrison stating that on September 10, 1999, his motorcycle would be auctioned. Although it is unclear what happened to McCready=s motorcycle, it was not returned to him.[1] As noted, the amended complaint alleged various state law claims against Harrison relating to the motorcycle, including: 1) replevin pursuant to IND. CODE ' 32-35-2-1 et seq. (Counts I and II), in which he seeks return of his motorcycle or its value of $3500 and money damages for loss of the motorcycle=s use; 2) common law conversion (Count III), in which he seeks $3,500 in compensatory damages and at least $71,501.00 in punitive damages;  3) statutory conversion

---

[1] *See McCready v. Faron Harrison d/b/a Faron=s Cycle, et.al.*, No. IP 00-1562 (S.D.Ind. July 6, 2001), *aff=d*, 67 Fed.Appx. 971 (7th Cir. June 19, 2003)(*McCready I*).

(Count IV), in which he seeks the value of the motorcycle ($3,500) plus treble damages ($14,000); and 4) breach of contract, in which he seeks $3,500 in compensatory damages.

McCready=s motion to alter or amend judgment must be **denied.** This conclusion is based on the following facts and circumstances:

1. McCready asserts that this court did not have authority to dismiss the state law claims for lack of jurisdiction *sua sponte*. He is mistaken. The court has a duty to raise issues about its own subject matter jurisdiction. As in any case involving diversity jurisdiction, before proceeding to the merits, this court must independently determine whether the parties meet the diversity and amount in controversy requirements of 28 U.S.C. ' 1332. *Thomas v. Guardsmark, LLC,* 487 F.3d 531, 533 (7th Cir. 2007). Furthermore, "the general rule is that once all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolv[e] them on the merits." *Wright v. Associated Ins. Cos.,* 29 F.3d 1244, 1251 (7th Cir. 1994), citing *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966).

2. McCready does not dispute the court=s conclusion regarding the discretionary exercise of its supplemental jurisdiction over pendent state law claims, but argues that the court failed to recognize and exercise its diversity jurisdiction over those claims.

3. Under 28 U.S.C. ' 1332, federal courts have jurisdiction over civil suits between citizens of different states Awhere the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.@ 28 U.S.C. ' 1332(a). AOnly if it is legally certain that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.@ *Meridian Security Insurance Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006) (internal quotations omitted).

4. McCready's difficulty lies in meeting the amount in controversy requirement. See *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000) (discussing amount in controversy requirement and dismissing *sua sponte* on appeal where requirement was not met).

5. McCready argues that he can exceed the $75,000 threshold with his claims for punitive damages and Aloss of use@ damages.[2]

6. As to punitive damages, Apunitive damages may sometimes be taken into account in deciding whether the proper amount is in controversy.@ *Del Vecchio v. Conseco, Inc.,* 230 F.3d 974, 978 (7th Cir. 2000). As the Seventh Circuit has explained:

> Where punitive damages are required to satisfy the jurisdictional amount in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear "beyond a legal certainty

---

[2] To the extent McCready asserts that the amount in controversy threshold is established based on interest and costs, he is mistaken. 28 U.S.C. ' 1332(a) provides that Adistrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,@ and where citizenship requirements are met.

that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount."

*Cadek v. Great Lakes Dragaway, Inc.,* 58 F.3d 1209, 1211-12 (7th Cir. 1995), quoting *Risse v. Woodard,* 491 F.2d 1170, 1173 (7th Cir. 1974). Indiana law limits punitive damages. IND. CODE ' 34-51-3-4 provides: AA punitive damage award may not be more than the greater of: (1) three (3) times the amount of compensatory damages awarded in the action; or (2) fifty thousand dollars ($50,000).@ Any claim for punitive damages alleged by McCready cannot exceed $50,000 because possible compensatory damage awards are limited to the value of his motorcycle ($3,500). Three times that amount is $10,500.

   7. McCready also argues that the court failed to consider loss of use damages recoverable in his replevin claims (Counts 1 and 2). McCready contends: AAt the rate of only $35 per day for the unlawful period of detention and use of plaintiff=s motorcycle, the $75,000 jurisdiction requirement has been exceeded.@

    a. Loss of use damages are proper in a replevin action. *Lou Leventhal Auto Co. v. Munns*, 328 N.E.2d 734 (Ind. App. 1975). IND. CODE ' 32-35-2-33 provides: AIn an action to recover the possession of personal property, judgment for the plaintiff may be for: (1) the delivery of the property, or the value of the property in case delivery is not possible; and (2) damages for the detention of the property.@

    b. A replevin action is a speedy statutory remedy designed to allow one to recover possession of property wrongfully held or detained, as well as any damages incidental to the detention. *Coleman v. Vukovich*, 825 N.E.2d 397, 407 (Ind. App. 2005); *United Farm Family Mut. Ins. Co. v. Michalski*, 814 N.E.2d 1060, 1066 (Ind. App. 2004); *State Exchange Bank of Culver v. Teague*, 495 N.E.2d 262, 266 (Ind. App. 1986). The Indiana Court of Appeals has held that the value of loss of use of a vehicle should be measured by the fair rental value of that vehicle. *Lou Leventhal Auto Co.*, 328 N.E.2d at 741-42 (finding truck was detained for a maximum of eight to ten days). The question here is whether loss of use damages can stretch out for years, accumulating to an amount far in excess of the fair market value of the property that was improperly detained. McCready has not cited any authority from Indiana or elsewhere that would support an award of loss of use damages in excess of the fair market value of his motorcycle. The law is to the contrary. In *Rose v. U.S. Nat. Bank of Omaha*, 352 N.W.2d 594, 597 (Neb. 1984), the Nebraska Supreme Court stated that the measure of damages in a replevin action for the loss of use of a vehicle is the Aamount which does not exceed either the fair rental value of a vehicle of a similar nature for a reasonable length of time or the amount actually paid, whichever is the least.@ The Illinois Court of Appeals has also imposed a reasonableness requirement for recovering loss of use damages: ADamages for the detention of certain property may conceivably under some circumstances amount to more than the value of the property itself, but on the other hand, the damages for such detention should not be permitted to become so far out of line with the value of the property as to be clearly disproportionate and oppressive.@ *Cottrell v. Gerson*, 16 N.E.2d 529, 539 (Ill. App. 1938) (discussing barbershop furniture and fixtures). Although *Rose* and *Cottrell* are not controlling precedent in this case, they are persuasive. Accordingly, only reasonable loss of use damages may be recovered through replevin.

    c. McCready=s claim that he is entitled to more than $75,000 in damages for the loss of use of his motorcycle is so far out of line with the value of the property as to be clearly unreasonable. McCready valued the use of his motorcycle at $35 per day or

3

        $12,775 per year.  To exceed a total of $75,000, McCready would need to have an arguable claim for more than $21, 500 in loss of use damages.  (Lost value of $3,500, plus punitive damages of $50,000, plus $21,501 would total $75,001.)  As a matter of law, even the amount of $12,775 for loss of use damages, which is the equivalent of loss of use for one year and more than three times the value of the motorcycle, lies well beyond the outer limits of reasonable.

        8.      Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). There was in this case no manifest error of law or fact, and there is no allegation that newly discovered evidence warrants a change in the disposition. This court does not have jurisdiction over the state law claims because McCready is not entitled to damages sufficient to meet the amount in controversy requirement. Punitive damages are limited by Indiana statute to $50,000, compensatory damages are limited to the value of the motorcycle, and loss of use damages could not possibly have risen high enough to support diversity jurisdiction.  A dispute over a motorcycle valued at $3,500 does not support the existence of diversity jurisdiction in federal court simply because the dispute has been going on since 1999. Accordingly, McCready=s motion to alter or amend judgment is **denied.**

        So ordered.

                                                            */s/ David F. Hamilton*

                                                            DAVID F. HAMILTON, Chief Judge
                                                            United States District Court

Date:  January 8, 2009

Distribution:

Theodore J. Blanford
HUME SMITH GEDDES GREEN & SIMMONS
tblanford@humesmith.com

Kenneth A. McCready
P.O. Box 10
Loda, IL 60948

Faron Harrison
1044 S. Denison
Indianapolis, IN 46241